IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| v. | : | CASE NO.  2:14 CR 189 |
| | : | JUDGE WATSON |
| CYNTHIA S. MILD | : | |

GOVERNMENT SENTENCING MEMORANDUM
REGARDING CYNTHIA S. MILD

Defendant CYNTHIA S. MILD is scheduled to be sentenced on January 27, 2015, a Tuesday, at 11:00 a.m.  This memorandum is offered to assist the Court with respect to sentencing.

The United States Attorney agrees with paragraphs 1 through 7 of the Final Presentence Investigation Report ("PSR") which sets forth the charge and certain pertinent provisions of the Plea Agreement.  Importantly, the PSR makes clear that Defendant MILD's guilty plea was entered pursuant to Rule 11(c)(1)(C) of the Federal Rules of Criminal Procedure and that the parties have agreed that for purposes of computing relevant conduct the amount of loss is between $200,000 and $400,000.  The offense level computations set forth in the PSR (¶¶21-34), however, are based upon a loss of $1,279,825 and, therefore, result in a higher adjusted offense level than that to which the parties would have agreed.  Thus, the parties would contend that the specific offense characteristic computed in ¶25 of the PSR is greater than that provided by the Plea Agreement and that, pursuant to U.S.S.G. § 2B1.1(b)(1)(G), an increase of 12 levels, and not 16, would be appropriate for purposes of relevant conduct.  Accordingly, a Total Offense Level of **15** appears to be in conformity with the Plea Agreement, as acknowledged in the

December 17, 2014, Addendum to the Presentence Report.  Taken together with Criminal History Category I, offense level 15 would yield a Guidelines' sentencing range of 18-to-24 months.  Of course, the parties' Rule 11(c)(1)(C) agreement does not permit incarceration but, rather, five years' probation, with which the PSR appears to agree.

Defendant MILD is 42-years-old and appears to have been employed for at least the last 18 years, which employment includes tax preparation for third parties and property management. Currently, she lives with and is the sole caretaker for her 14-year-old son who suffers from Type I Diabetes, ADHD and depression.

As directed under 18 U.S.C. § 3553(a), the Court is required to impose a sentence that is "sufficient, but not greater than necessary, to comply with the purposes set forth in paragraph (2) of this subsection."  Those purposes are as follows:

The need for a sentence -

"(A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;

"(B) to afford adequate deterrence to criminal conduct;

"(C) to protect the public from further crimes of the defendant;  and

"(D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner."

In this case, Defendant CYNTHIA S. MILD engaged in serious illegal activity. However, the government notes that MILD's activities involved assisting friends, colleagues and a family member, as well as herself – a form of "assistance" that ultimately backfired to the detriment of all involved.

Of course, it is required that the sentence reflect the seriousness of the offense, promote respect for the law, provide just punishment and afford adequate deterrence to this criminal

conduct.  However, the Court must be mindful to impose a sentence that is sufficient, but not greater than necessary, to comply with the various purposes of sentencing and which will avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct.  18 U.S.C. § 3553(a)(6).  The offense involved here is non-violent, and the United States Attorney further believes that the values represented under subsections (C) and (D) of 18 U.S.C. § 3553(a) are wholly unnecessary for consideration regarding the sentence to be imposed.  The parties have agreed to a (c)(1)(C) sentence largely because the history and characteristics of Defendant CYNTHIA S. MILD, as well as her circumstances otherwise, strongly suggest that the agreed sentence would be the correct course herein.

        Respectfully submitted,

        CARTER M. STEWART
        United States Attorney


        s/Daniel A. Brown
        DANIEL A. BROWN  (0023147)
        Assistant United States Attorney


CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing government sentencing memorandum was served this 13th day of January, 2015, via electronic mail on:   James D. Gilbert, Esquire.


        s/Daniel A. Brown
        DANIEL A. BROWN  (0023147)
        Assistant U.S. Attorney
        303 Marconi Blvd.,  Suite 200
        Columbus, Ohio  43215
        (614) 469-5715
        Fax: (614) 469-5653
        dan.brown@usdoj.gov